UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSALIE AMATORE,

                        Plaintiff,

C.R. BARD INCORPORATED, *et al.*,

                        Defendants.

_____

**REPORT AND RECOMMENDATION**

21-CV-00299(JLS)(JJM)

        Plaintiff Rosalie Amatore commenced this action prior to her death for personal injuries she allegedly sustained from a device manufactured by defendants C.R. Bard Incorporated and Bard Peripheral Vascular Incorporated (collectively "Bard"). Amended Master Short Form Complaint filed in multidistrict litigation 15-cv-02641 (D. Ariz) [1].[1] Before the court is Bard's renewed motion to dismiss the Complaint with prejudice, pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1) [49],[2] which has been referred to me by Hon. John L. Sinatra, Jr. for initial consideration [20]. Having reviewed the motion, I recommend that it be granted.

## BACKGROUND

        On September 28, 2022 Bard filed a Suggestion of Death [46] for Amatore, which was personally served on Salvatore C. Amatore and Lisa M. Soptelean, the co-executors of her estate. *See* Affidavits of Service dated October 7, 2022 [47, 48]; Amatore's November 13, 2018 Last Will and Testament [49] at 9-10, ¶VI. Since the Suggestion of Death was served, the co-

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Bard's initial motion [44] was deemed withdrawn without prejudice to refiling. *See* September 28, 2022 Text Order [45].

executors of Amatore's estate have not contacted the court or sought to be substituted as the plaintiffs in this action.

## DISCUSSION

Rule 25(a)(1) states that "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent *must* be dismissed" (emphasis added). Because more than 90 days have elapsed since the Suggestion of Death was served on the co-executors of Amatore's estate and no motion for substitution (or for an extension) has been filed, the Complaint *must* be dismissed. See Scull v. Hennegan, 2018 WL 1433519, *1 (W.D.N.Y.), adopted, 2018 WL 1412416 (W.D.N.Y. 2018); Sparks v. Casual Male Retail Group, Inc., 2010 WL 5647109, *1 (W.D.N.Y. 2010), adopted, 2011 WL 283276 (W.D.N.Y. 2011); Perry v. Perry, 2014 WL 2993488, *2 (E.D.N.Y. 2014).

Rule 25 "gives courts flexibility to tailor the type of dismissal to the facts of the case". Steward v. City of New York, 2009 WL 10706642, *3 (E.D.N.Y.), adopted, 2009 WL 10706643 (E.D.N.Y. 2009). However, "[o]rdinarily, a [Rule] 25(a)(1) dismissal is an 'involuntary dismissal' that must be entered 'with prejudice.'" Grinblat v. 1200 Victory Management Corp., 2021 WL 2634765, *1 (E.D.N.Y. 2021) (quoting Rule 41(b)), and I see no reason to depart from that here. See June 27, 2022 Joint Status Report and Suggestion of Death [43], ¶4 ("[p]laintiff's counsel has indicated that they do not intend to file a Motion for Substitution due to Plaintiff's Next of Kin's failure to provide the necessary paperwork to do

so"); Dessel Affirmation [43-1] (detailing Amatore's counsel's numerous unsuccessful attempts to obtain necessary documentation from Ms. Soptelean).[3]

## CONCLUSION

For these reasons, I recommend that Bard's motion to dismiss the Complaint with prejudice [49] be granted. Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by January 27, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

---

[3] To give the non-party co-executors of Amatore's estate an additional opportunity to be heard, I will mail them each a copy of this Report and Recommendation.

-4-

Dated: January 13, 2023

                                           /s/Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge